UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY EUGENE LEWIS,

                Plaintiff,

     v.

KING COUNTY,

                Defendant.

CASE NO. C19-0797-JCC-MAT

REPORT AND RECOMMENDATION

Plaintiff Anthony Eugene Lewis is currently confined at the King County Jail in Seattle, Washington. He has submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed with this action *in forma pauperis* ("IFP"). (Dkts. 1, 1-1.) Plaintiff also submitted with his complaint an emergency motion requesting counsel and preliminary injunctive relief. (Dkt. 1-2.)

Plaintiff's complaint is somewhat difficult to comprehend. However, he appears to assert that this Court violated his First Amendment right to petition the government for redress of grievances when it dismissed a previous action, C18-1798-RSM, because he could not afford to

REPORT AND RECOMMENDATION
PAGE - 1

pay the filing fee.[1] (Dkt. 1-1 at 3.) Plaintiff also appears to assert that this Court violated the Prison Rape Elimination Act ("PREA") by dismissing his prior action in which he alleged that he had suffered ongoing "astro sexual assault" after being booked into jail in October 2018. (*See id.*; *see also*, C18-1798-RSM, Dkt. 9.) Finally, plaintiff asserts that King County violated his due process rights when it failed to release him from custody 72 hours after his arrest in March 2019 despite the fact that formal charges had not yet been filed against him. (*See* Dkt. 1-1 at 3; Dkt. 1-2 at 3.)

Plaintiff identifies King County as the lone defendant in his complaint.[2] (*Id.* at 1, 2.) In the relief portion of his complaint, plaintiff requests that this Court: (1) review *Lewis v. King County*, C16-1112-JLR, and award money damages; (2) reinstate *Lewis v. King County*, C18-1798-RSM, and award money damages; (3) appoint counsel or direct an out-of-court settlement in the two referenced prior actions; and, (4) release plaintiff from his lifetime sex offender registration requirement. (*Id.* at 4.)

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed *in forma pauperis* in a civil action if he or she has, on three or more prior occasions, brought civil actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. A review of Plaintiff's litigation activities in federal court reveals that Plaintiff has accumulated

---

[1] A review of case C18-1798-RSM reveals that it was dismissed because plaintiff failed to state any claim upon which relief could be granted, not because plaintiff was unable to pay the filing fee. *See* C18-1798-RSM, Dkts. 9, 14. Given the absence of any cognizable claim for relief, that action would have been subject to dismissal even if plaintiff had been able to pay the requisite filing fee. *See* 28 U.S.C. § 1915A(b)(1).

[2] Plaintiff appears to be under the misapprehension that this Court is an entity of King County. This Court is, in fact, a part of the federal court system which is in no way connected to either King County or to the state court system.

REPORT AND RECOMMENDATION
PAGE - 2

multiple "strikes" under § 1915(g) over the years.

Plaintiff has brought at least five federal civil rights actions that were dismissed for failure to state a claim upon which relief may be granted, and four of those were specifically determined to be "strikes" pursuant to § 1915(g). *See Lewis v. King County Department of Risk Management Division*, C18-1798-RSM (W.D. Wash., dismissed Feb. 22, 2019) (referring to § 1915(g)); *Lewis v. King County*, C09-1039-RSL (W.D. Wash., dismissed Feb. 8, 2010) (referring to § 1915(g)); *Lewis v. Vail*, C09-5047-EFS (E.D. Wash., dismissed Feb. 3, 2010) (referring to § 1915(g)); *Lewis v. King County*, C01-1246-JCC (W.D. Wash., dismissed Jan. 23, 2002) (referring to § 1915(g)); *Lewis v. King County*, C01-1195-MJP (W.D. Wash., dismissed Nov. 27, 2001) (not referring specifically to § 1915(g)). Plaintiff brought a sixth civil rights action in which he was denied leave to proceed *in forma pauperis* based on the three strikes rule of 28 U.S.C. § 1915(g). *See Lewis v. Vail*, C10-267-RSL (W.D. Wash., dismissed May 11, 2010).

Because plaintiff has accumulated over three strikes, he may not proceed with this action without prepayment of the full filing fee unless he shows that he was "under imminent danger of serious physical injury" at the time his complaint was filed. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). The imminent danger exception requires a prisoner allege a danger which is "ready to take place or "hanging threateningly over one's head." *Id.* at 1056 (internal citations omitted).

Plaintiff, in his emergency motion for counsel and preliminary injunctive relief, appears to suggest that he is subject to imminent danger involving ongoing "astral sexual assault." (Dkt. 1-2 at 1.) Based on plaintiff's description, it appears that this phenomenon can only be experienced by someone who is psychic or trained in the paranormal and is simply a "feeling" as opposed to

REPORT AND RECOMMENDATION
PAGE - 3

an actual physical experience.  (*See id*.)  This Court is not persuaded that the phenomenon described by plaintiff is sufficient to satisfy the imminent danger exception to the § 1915(g) bar, and therefore concludes that Plaintiff is ineligible to file this lawsuit in federal court without paying the $350.00 filing fee plus a $50.00 administrative fee (for a total of $400.00).

Accordingly, this Court recommends that plaintiff's application to proceed *in forma pauperis* be denied.  This Court further recommends that plaintiff be directed to pay the filing fee within thirty (30) days of the date on which this Report and Recommendation is adopted, and that this action be terminated if plaintiff fails to do so.  Finally, this Court recommends that plaintiff's emergency motion for counsel and preliminary injunctive relief be denied as moot.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 12, 2019**.

DATED this 13th day of June, 2019.

_____
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4