UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY EUGENE LEWIS, | CASE NO. C19-0797-JCC |
| Plaintiff, | ORDER |
| v. | |
| KING COUNTY, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Anthony Lewis's objections (Dkt. No. 6) to the report and recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 5), as well as Plaintiff's proposed motion to appoint a "psychic extra sensory" (Dkt. No. 7). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby ADOPTS the report and recommendation (Dkt. No. 5), OVERRULES Plaintiff's objections (Dkt. No. 6), and DENIES Plaintiff's proposed motion to appoint a "psychic extra sensory" (Dkt. No. 7) for the reasons explained herein.

**I.     BACKGROUND**

Plaintiff is currently incarcerated at the King County Jail. (Dkt. No. 1-1 at 3.) On May 24, 2019, Plaintiff, proceeding *pro se*, filed a motion to proceed *in forma pauperis* ("IFP"), and a proposed civil rights complaint alleging claims under 42 U.S.C. § 1983. (Dkt. Nos. 1, 1-1.) In his complaint, Plaintiff alleges that Defendant King County is "in violation of the U.S. Department

of Justice issued rule adopting national standards to prevent, detect, and respond to astral sexual abuse in confinement facilities as required by the Prison Rape Elimination Act of 2003."[1] (Dkt. No. 1-1 at 3.) Plaintiff additionally alleges that Defendant violated his due process rights by not allowing him to participate in its "72 Hr. Release Program," after his arrest, booking, and detention in March 2019. (*Id*.) Plaintiff asks for the following relief: to reinstate a previous civil rights lawsuit that was dismissed by the Honorable Ricardo S. Martinez, United States District Judge in 2018; to release Plaintiff from his "lifetime sex offender registration;" and to "grant my TRO/injunction without any limitations and restrictions." (*Id*. at 4.)

Plaintiff also filed with his IFP motion an emergency motion to appoint counsel "who is extra/sensory/receptive/psychically perceptive," and for preliminary injunctive relief. (Dkt. No. 1-2 at 1.) In his motion, Plaintiff suggests that he is experiencing "astral sexual assault."[2] (*Id*. at 1.) As far as the Court can tell, this activity can only be experienced by someone who is a trained psychic or familiar with the paranormal. (*Id*. at 1–2.) The allegations in the motion are otherwise incoherent. (*See generally id.*)

On June 13, 2019, Judge Theiler issued a report and recommendation recommending that the Court deny Plaintiff's IFP motion pursuant to 28 U.S.C. § 1915(g). Under that statute, a prisoner may not proceed IFP in a civil action if he or she has, on three or more occasions, brought civil actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Judge Theiler notes that Plaintiff has brought at least five civil rights actions that were dismissed for failure to state a

---

[1] For clarity and comprehension, the Court has removed the excess emphasis and punctuation that Plaintiff included in his complaint. (*See* Dkt. No. 1-1.) As an example, Plaintiff's complaint reads: "King County…Denied…Ensuring…(Me)…The…Due Process…Right…As…A…Person . . . ." (*Id*. at 3.) The Court's alterations are not intended to change the meaning of Plaintiff's allegations.

[2] Astral: "of, relating to, or coming from the stars." *Astral*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/astral (last visited July 10, 2019).

claim upon which relief could be granted, and four of those were specifically determined to be "strikes" pursuant to § 1915(g). (Dkt. No. 5 at 3); *see, e.g.*, *Lewis v. King County Department of Risk Management Division*, Case No. C18-1798-RSM Dkt. No. 19 (W.D. Wash. 2019) (dismissing complaint and referring to § 1915(g)).

Judge Theiler further concluded that Plaintiff's complaint and emergency motion fail to show that he is "under imminent danger of serious physical injury." (Dkt. No. 5 at 3.) Judge Theiler noted that Plaintiff never alleges that he was in danger of physical injury, but simply described an "astral" phenomenon that cannot be experienced by lay people. (*Id*.) Judge Theiler was "not persuaded that the phenomenon described by plaintiff is sufficient to satisfy the imminent danger exception to the § 1915(g) bar." (*Id*.) Judge Theiler therefore concluded that Plaintiff's IFP motion should be denied, and that he should be required to pay the filing fee. (*Id.* at 4.)

Plaintiff filed written objections to Judge Theiler's report and recommendation. (Dkt. No. 6.) Plaintiff repeats many of the allegations that were included in his complaint and emergency motion. (*Compare* Dkt. Nos. 1-1, 1-2, *with* Dkt. No. 6.) Plaintiff states that he is "suffering astral/rape/molestation into my anus mouth and onto my penis," and that Defendant is not providing him with "any trained astral/rape/molestation" staff. (Dkt. No. 6 at 2.) Plaintiff includes other allegations that were not contained in the original complaint; for example, that jail staff can watch him while he's showering, which causes him to "physically feel astral/raped/molested into my anus/mouth and onto my penis and astral/sexually harassed." (*Id*. at 2.) Plaintiff also filed a proposed motion to appoint a "psychic extra sensory." (Dkt. No. 7.) It appears that Plaintiff is requesting that such a person be appointed to investigate "extraordinary/paranormal/circumstances," and to explain his "astral/suffering" and attacks by "unseen forces." (*Id*. at 1.)

## II. DISCUSSION

Objections to a magistrate judge's report and recommendations are reviewed *de novo*. 28

U.S.C. § 636(b)(1). Plaintiff's objections are generally unresponsive to Judge Theiler's report and recommendation. (*See* Dkt. No. 6.) First, Plaintiff does not dispute that he has accumulated over three strikes pursuant to 28 U.S.C. § 1915(g), and is therefore generally barred from filing a civil action without paying the filing fee. Second, Plaintiff does not allege any facts, either in his complaint or in his objections, to demonstrate that at the time he filed his complaint he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). The imminent danger exception requires a prisoner allege a danger which is "ready to take place or 'hanging threateningly over one's head.'" *Id.* at 1056 (internal citations omitted).

As Judge Theiler pointed out, Plaintiff does not allege that he is threatened with any physical danger, but instead suggests that he suffers from an "astral" or "psychic" injury that only specifically-trained people can comprehend. Plaintiff does not provide any allegations to suggest that he has suffered or will imminently suffer a physical injury, as opposed to some form of psychological injury that is not commonly understood. (*See* Dkt. No. 6 at 6) ("astral rape is still rape.")[3] In other words, Plaintiff has not demonstrated that at the time he filed his complaint he faced imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Therefore, the Court FINDS that Plaintiff is barred from filing this civil action without paying the $400 filing fee. *See* 28 U.S.C. § 1915(g).

## III. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that:

(1) The report and recommendation (Dkt. No. 5) is ADOPTED;

(2) Plaintiff's objections (Dkt. No. 6) are OVERRULED;

---

[3] Plaintiff filed two separate proposed motions on July 8, and July 9, respectively. (Dkt. Nos. 8, 9.) One motion seeks to have the Court acknowledge that "astral rape is another form of rape." (Dkt. No. 8.) The other motion seeks to add a claim against Defendant for a due process violation. (*See* Dkt. No. 9.) Both motions are DENIED.

1      (3) Plaintiff's application to proceed with this action *in forma pauperis* (Dkt. 1) is
2 DENIED;

3      (4) Plaintiff is DIRECTED to pay the $400 filing fee within thirty (30) days of the
4 date on which this order is signed. Failure to timely submit the requisite filing fee will result in
5 immediate termination of this action;

6      (5) Plaintiff's proposed motion to appoint a "psychic extra sensory" (Dkt. No. 7) is
7 DENIED; and

8      (6) The Court will not consider any additional motions unless and until Plaintiff pays
9 the $400 filing fee; and

10     (7) The Clerk is DIRECTED to send a copy of this order to Plaintiff and to Judge
11 Theiler.

DATED this 12th day of July 2019.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE